UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

David R. Salgado,
and other similarly
situated individuals,

    Plaintiff(s),

v.

The Dfass Group (Orlando), LLC,
JJack Family Office LLC,
Bernard Klepach, and Juliette Klepach,
individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff David R. Salgado and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants The Dfass Group (Orlando), LLC, JJack Family Office LLC, Bernard Klepach, and Juliette Klepach, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid minimum and overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff David R. Salgado is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant The Dfass Group (Orlando), LLC (from now on, The Dfass Group, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Dade County within this Honorable Court Jurisdiction. Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. Defendant was and is engaged in interstate commerce.

4. Defendant JJack Family Office LLC (from now on JJack Family Office, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Dade County within this Honorable Court Jurisdiction. Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. Defendant was and is engaged in interstate commerce.

5. The individual Defendants, Bernard Klepach and Juliette Klepach, were and are now the owners/partners/officer and directed operations of The Dfass Group and JJack Family Office. Accordingly, these individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

6. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Corporate Defendants The Dfass Group and JJack Family Office are a joint enterprise and joint employers of Plaintiff.

7. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

8. This cause of action is brought by Plaintiff David R. Salgado as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, costs, and

reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2019, (the "material time") without being adequately compensated.

9. Defendants The Dfass Group and JJack Family Office are duty-free and specialty store retailers directed to travelers and travel-related needs.

10. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants The Dfass Group and JJack Family Office are a joint enterprise because: 1) both companies have the same or related business activities; 2) both companies shared centralized management, equipment, and supplies; 3) Defendants operated as a single unit for a common business purpose; 4) between Defendants existed unified operation and common control, and they operated as a single unit; 5) Defendants shared a common business purpose, the profitable operation of the businesses; 6) Defendants had an interdependent financial interest; 7) and existed common ownership and management.

11. Pursuant 29 C.F.R. §791.2. Defendants The Dfass Group and JJack Family Office were joint employers because: 1) Corporate Defendants the same or related business activities 2) Defendants, through their owners/managers Bernard Klepach and Juliette Klepach, had equal and absolute control over the Plaintiff and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of Corporate Defendants; 5) Corporate Defendants had equal power to hire and to fire employees; 6) Bernard

Klepach and Juliette Klepach owners of The Dfass Group and JJack Family Office personally supervised Plaintiff's schedules, and times records.

12. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants The Dfass Group and JJack Family Office are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1).

13. Because Defendants The Dfass Group and JJack Family Office equally hired and fired employees, supervised and controlled Plaintiff's work schedules, and maintained employment records of Plaintiff and other similarly situated individuals, they are also joint employers as defined in 29 C.F.R. §791.2.

14. Defendants The Dfass Group and JJack Family Office are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

15. Defendants The Dfass Group and JJack Family Office, hereinafter, will be called The Dfass Group, collectively.

16. Defendant, The Dfass Group, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a duty-free retailer that sells its merchandise to interstate travelers. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief,

the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

17. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities, Plaintiff, regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

18. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach employed Plaintiff David R. Salgado as a non-exempted, full-time driver/messenger from approximately November 01, 2013, to October 11, 2022, or almost nine years. However, for FLSA purposes, Plaintiff's relevant employment period is 147 weeks.

19. Plaintiff worked under the supervision of Bernard Klepach and Juliette Klepach, owners of The Dfass Group.

20. During the relevant time of employment, Plaintiff worked as follows:

21. <u>First Period, from December 14, 2019, to January 31, 2022, or 111 weeks</u>, Plaintiff had an irregular schedule. Plaintiff worked six days per week. Usually, during the week, Plaintiff worked two days from 8:00 AM to 6:00 PM (10 hours each day); two days from 8:00 AM to 12:00 AM (16 hours each day); and on weekends Plaintiff worked from 8:00 AM to 5:00 PM (9 hours), he went to take a rest and returned to work at 10:00 PM, and he worked until 3:00 AM (14 hours daily). Plaintiff worked a total of 80 hours weekly. Plaintiff did not take bonafide lunchtime periods.

22. In this period, Plaintiff was paid a salary of $750.00 weekly.

23. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours.

24. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Thus, Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

25. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

26. Moreover, in this period, Plaintiff was a salaried employee earning $750.00 weekly. However, this amount divided by the 80 hours worked during the week resulted in an hourly rate of $9.38 per hour, which was lower than the required minimum wage rate for the years 2021 and 2022.

27. Therefore, in this period, Defendants willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

28. <u>Second Period, from February 01, 2022, to October 11, 2022, or 36 weeks</u>, Plaintiff worked five days per week from 8:00 AM to 4:00 PM (8 hours daily) or 40 hours weekly.

29. In this period, Plaintiff was an hourly employee. He was paid at the wage rate of $20.00 an hour.

30. Plaintiff clocked in and out using a phone app.

31. Plaintiff was forced to clock in and out for lunchtime, even though Plaintiff never could take a bonafide lunchtime. Defendants deducted from Plaintiff's wages 2.5 hours of lunchtime weekly.

32. In this period, Plaintiff claims 2.5 regular unpaid wages.

33. Plaintiff was paid in his first period weekly with checks, without paystubs, and he was paid by direct deposits in his second period of employment.

34. On or about October 11, 2022, Defendants fired Plaintiff because he requested an FMLA leave.

35. At times mentioned, individual Defendants Bernard Klepach and Juliette Klepach were, and are now, the owners/partners/managers of The Dfass Group. Defendants Bernard Klepach and Juliette Klepach were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in The Dfass Group's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Bernard Klepach and Juliette Klepach had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

36. Plaintiff David R. Salgado seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

37. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

38. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

39. This action is intended to include every driver, messenger, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

40. Plaintiff David R. Salgado re-adopts every factual allegation stated in paragraphs 1-39 above as if set out in full herein.

41. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach employed Plaintiff David R. Salgado as a non-exempt, full-time driver/messenger from approximately November 01, 2013, to October 11, 2022, or almost nine years. However, for FLSA purposes, Plaintiff's relevant employment period is 147 weeks.

42. Plaintiff worked under the supervision of Bernard Klepach and Juliette Klepach, owners of The Dfass Group.

43. During the relevant time of employment, Plaintiff worked as follows:

44. <u>First Period, from December 14, 2019, to January 31, 2022, or 111 weeks</u>, Plaintiff had an irregular schedule. Plaintiff worked six days per week, a total of 80 hours weekly. Plaintiff did not take bonafide lunchtime periods.

45. In this period, Plaintiff was paid a salary of $750.00 weekly.

46. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours.

47. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Thus, Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

48. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

49. Plaintiff was paid weekly the same amount, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

50. <u>Second Period, from February 01, 2022, to October 11, 2022, or 36 weeks</u>, Plaintiff worked five days per week from 8:00 AM to 4:00 PM (8 hours daily) or 40 hours weekly. Plaintiff does not have overtime complaints for this period.

51. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

52. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

53. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

54. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

   Twenty-Nine Thousand Five Hundred Eighty-Six Dollars and 00/100 ($29,586.00)

b. <u>Calculation of such wages</u>:

   Total period of employment: almost 9 years
   Relevant weeks of employment:  147 weeks
   Total hours worked: 80 hours weekly
       Salary paid: $750.00 weekly: 80 hours weekly=$9.38
       Regular rate: $9.38

       **1.- Overtime from December 14, 2019, to September 29, 2021=93 weeks**
       Relevant weeks: 93 weeks
       Total hours worked: 80 hours weekly
       O/T unpaid hours: 40 O/T hours
       Paid weekly salary: $750.00: 80 hours=$9.38 an hour
       Regular rate: $9.38 x1.5=$14.07 O/T rate
       O/T rate: $14.07-$9.38 rate paid=$4.69 half-time difference
       Half-time rate: $4.69 an O/T hour

   $4.69 x 40 O/T hours=$187.60 weekly x 93 weeks=$17,446.80

> **2.- Overtime from September 30, 2021, to October 11, 2022**
> Relevant weeks: 54 weeks
> Total hours worked: 80 hours weekly
> O/T unpaid hours: 40 O/T hours
> FL minimum wage: $10.00 x1.5=$15.00 O/T rate
> O/T rate: $15.00-$9.38 rate paid=$5.62 half-time difference
> Half-time rate: $5.62 an O/T hour

$5.62 x 40 O/T hours=$224.80 weekly x 54 weeks=$12,139.20

Total #1 and #2: $29,586.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.[1]

55. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

56. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

57. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

58. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff David R. Salgado and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff David R. Salgado and other similarly situated individuals and against the Defendants The Dfass Group and Bernard Klepach and Juliette Klepach based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff David R. Salgado actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff David R. Salgado demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

59. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-39 of this Complaint as if set out in full herein.

60. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

61. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach employed Plaintiff David R. Salgado as a non-exempted, full-time driver/messenger from approximately November 01, 2013, to October 11, 2022, or almost nine years. However, for FLSA purposes, Plaintiff's relevant employment period is 147 weeks.

62. During the relevant time of employment, Plaintiff had two periods of employment.

63. In the first period, from December 14, 2019, to January 31, 2022, or 111 weeks, Plaintiff was a salaried employee, working 80 hours weekly and earning $750.00 weekly.

64. In the second period, from February 01, 2022, to October 11, 2022, or 36 weeks, Plaintiff worked 40 hours or more, but he was an hourly employee earning $20.00 an hour. Plaintiff has no complaints for this period.

65. However, during his first period of employment, there were many weeks in which Plaintiff was not paid minimum wages as required by law.

66. Plaintiff worked six days per week, a total of 80 hours weekly, and he was paid $750.00 per week. This amount divided by the number of hours worked resulted in a regular rate of $9.38 an hour, which was less than the required minimum wage established by law for the period beginning September 30, 2021, to his termination, on or about October 11, 2022, or 54 weeks

67. Plaintiff worked under the supervision of Bernard Klepach and Juliette Klepach, owners of The Dfass Group.

68. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Thus, Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

69. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

70. Plaintiff was paid with checks, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

71. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

72. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

73. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

74. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

    Two Thousand Six Hundred Seventy-Eight Dollars and 40/100 ($2,678.40)

b. <u>Calculation of such wages</u>:

    Total period of employment: almost 9 years
    Relevant weeks: 54 weeks
    Salary paid: $750.00 weekly: 80 hours=$9.38
    Regular rate: $9.38 an hour
    Fl Min. wage beginning September 30, 2021: $10.00-$9.38 rate paid=$0.62
            Minimum wage difference: $0.62 an hour

    $0.62 x 80 hours=$49.60 weekly x 54 weeks= $2,678.40

c. <u>Nature of wages</u>:

    This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

75. Defendants The Dfass Group and Bernard Klepach, and Juliette Klepach unlawfully failed to pay minimum wages to Plaintiff.

76. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

77. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

78. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff David R. Salgado respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff David R. Salgado and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT III**
**UNPAID WAGES (COMMON LAW) – 448.08**
**AGAINST ALL DEFENDANTS**

79. Plaintiff David R. Salgado re-adopts every factual allegation as stated in paragraphs 1-19 and 28-36 above as if set out in full herein.

80. At all times material hereto, Plaintiff was an employee of the Corporate Defendants The Dfass Group and the individual Defendants Bernard Klepach and Juliette Klepach.

81. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach employed Plaintiff David R. Salgado as a full-time, non-exempted driver and messenger from November 01, 2013, to October 11, 2022, or almost nine years.

82. At the time of his hiring, Defendants offered Plaintiff as compensation for his work a salary covering the full value of his work for a minimum of 40 hours. Plaintiff was paid $750.00 weekly.

83. Plaintiff was assigned an irregular schedule, and he worked six days per week, a total of 80 hours weekly.

84. On or about February 01, 2022, Defendants changed Plaintiff's payment plan and schedules.

85. From February 01, 2022, to October 11, 2022, or 36 weeks, Plaintiff was paid an hourly rate of $20.00, with a guaranteed minimum of 40 hours weekly.

86. Plaintiff worked regularly and consistently five days per week, 40 or more hours.

87. However, every week, Defendants paid Plaintiff only 37.5 hours. Defendants improperly deducted from Plaintiff's wages 2.5 hours corresponding to lunch hours even though Plaintiff was not able to take bonafide lunch hours and he ate while working.

88. Plaintiff was forced to clock in and out 30 minutes of lunchtime daily, resulting in 2.5 regular unpaid hours per week.

89. Plaintiff clocked in and out, and Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 40 hours without lunchtime.

90. Therefore, Defendants willfully did not pay Plaintiff for the full value of his work and services, as promised and required by law.

91. On or about October 11, 2022, Defendants fired Plaintiff because he requested an FMLA leave.

92. At the moment of his termination, Defendants did not pay Plaintiff his unlawfully deducted regular hours.

93. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach failed to pay Plaintiff David R. Salgado wages for the total amount of One Thousand Eight Hundred Dollars and 00/100 ($1,800.00) (Regular rate $20.00 x 2.5 deducted hours=$50.00 weekly x 36 weeks=$1,800.00)

94. This is an action in common law.

95. Plaintiff David R. Salgado has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff David R. Salgado respectfully requests that this Honorable Court enter a judgment against Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach that :

A. Award the Plaintiff David R. Salgado unpaid wages found to be due and owing;

B. Award the Plaintiff prejudgment interest;

C. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

D. Order such other relief as this Court deems just and equitable.

## Demand for a Jury Trial

Plaintiff David R. Salgado and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT IV:
## BREACH OF EMPLOYMENT CONTRACT
## AGAINST ALL DEFENDANTS

96. Plaintiff re-states and re-alleges paragraphs 1-19 and 28-36 as if set forth in full herein.

97. On or about November 01, 2013, Plaintiff David R. Salgado and Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendant as a full-time, non-exempted driver/messenger.

98. Plaintiff worked for Defendants from November 01, 2013, to October 11, 2022, or almost nine years.

99. Defendants entered into an employment contract with Plaintiff David R. Salgado by agreeing to pay Plaintiff for the full value of his work and services.

100. At the time of his hiring, Defendants offered Plaintiff as compensation for his work a salary of $750 weekly.

101. On or about February 01, 2022, Defendants changed Plaintiff's payment plan and schedules.

102. From February 01, 2022, to October 11, 2022, or 36 weeks, Plaintiff was paid an hourly rate of $20.00, with a guaranteed minimum of 40 hours weekly.

103. Plaintiff worked regularly and consistently five days per week, 40 or more hours.

104. However, every week, Defendants paid Plaintiff only 37.5 hours. Defendants improperly deducted from Plaintiff's wages 2.5 hours corresponding to lunch hours even though Plaintiff was not able to take bonafide lunch hours and he ate while working.

105. Plaintiff was forced to clock in and out 30 minutes for lunchtime daily, resulting in 2.5 regular unpaid hours per week.

106. Plaintiff clocked in and out, and Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 40 hours without lunchtime.

107. Therefore, Defendants willfully did not pay Plaintiff for the full value of his work and services, as promised and required by law.

108. On or about October 11, 2022, Defendants fired Plaintiff because he requested an FMLA leave.

109. At the time of his termination, Defendants did not pay Plaintiff 2.5 regular hours unlawfully deducted as lunchtime hours.

110. There is a substantial number of hours that were not compensated at any rate, according to the contract.

111. At all times during his employment, Plaintiff fulfilled his obligations under the contractual agreement entered into with Defendants. Plaintiff performed and excelled at the essential functions of his position.

112. However, Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach breached their contract with Plaintiff by failing to pay Plaintiff 2.5 hours of regular wages for his last 36 weeks of employment.

113. Plaintiff was not paid as promised and outlined in their contractual agreement.

114. Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach breached their contract with Plaintiff David R. Salgado by failing to pay him wages for the total amount of One Thousand Eight Hundred Dollars and 00/100 ($1,800.00) (Regular rate $20.00 x 2.5 deducted hours=$50.00 weekly x 36 weeks=$1,800.00)

115. As a result of the Defendants' breach, Plaintiff David R. Salgado has suffered actual, consequential, and incidental damages.

116. Defendants' conduct is in breach of the employment contract and the good faith and fair dealing found in every contract, including the contract entered into between Plaintiff David R. Salgado and Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach.

117. Plaintiff David R. Salgado is entitled to damages as a result of the Defendants' breach of contract, as further stated above.

118. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff David R. Salgado respectfully requests that this Honorable Court enter a judgment against Defendants The Dfass Group, Bernard Klepach, and Juliette Klepach that:

A. Award the Plaintiff David R. Salgado unpaid wages found to be due and owing;

B. Award the Plaintiff prejudgment interest;

C. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

D. Order such other relief as this Court deems just and equitable.

## Demand for a Jury Trial

Plaintiff David R. Salgado demands trial by a jury of all issues triable as a right by a jury.

Date: December 31, 2022                              Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*